insist that there was no binding contract compelling it to accept delivery, even though proper tender was made. It is true that the record shows that no oral agreement as to price was had, and it might seem that there could properly be read into the memorandum an implied agreement to pay the fair value of the belting. But such doctrine was discussed and repudiated by Judge Gray in United Press v. New York Press Co., supra, wherein he points out that such holding in Hoadley v. M'Laine, 10 Bingh. 482, was not necessary to the decision because the goods were to be fabricated by the vendor.

The other letters written by the defendant do not aid the memorandum above quoted, and those written by the plaintiffs have no bearing because they are not signed by the defendant, the party to be charged.

For these reasons, I think the judgment should be reversed, and, as there is no possibility of the plaintiffs making a different case upon another trial, the complaint should be dismissed, with costs.

---

### HAWES v. HAWES.

(Supreme Court, Appellate Division, First Department. January 17, 1913.)

EXECUTION (§ 410*)—SUPPLEMENTARY PROCEEDINGS—SALE OF STOCK.

 An order directing a sale of certain stock of a judgment debtor should have directed a sale of the debtor's right, title, and interest in the stock.

 [Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 1180–1182; Dec. Dig. § 410.*]

Appeal from Special Term, New York County.

Action by Elmer E. Hawes, assignee, etc., against Isabella B. Hawes. From an order directing a sale of certain stock of the judgment debtor, defendant appeals. Modified and affirmed.

See, also, 138 N. Y. Supp. 1120.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Charles L. Craig, of New York City, for appellant.
John G. Pheil, of New York City, for respondent.

PER CURIAM. The order should be modified, by directing a sale of the right, title, and interest of the judgment debtor in the stock in question, and, as so modified, affirmed, without costs. Settle order on notice.

---

### MASON v. NEW YORK REVIEW PUB. CO. et al.

(Supreme Court, Appellate Division, First Department. January 10, 1913.)

DISCOVERY (§ 38*)—EXAMINATION BEFORE TRIAL—RIGHT.

 In libel against a publishing company and individual defendants, plaintiff was entitled to examine before trial the individual defendants and

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the actual publisher of the libel, for the purpose of establishing their connection with the publication, and showing that they knew the article to be false.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 51; Dec. Dig. § 38.*]

Appeal from Special Term, New York County.

Action by John Mason against the New York Review Publishing Company. From an order granting a motion to vacate an order for examination of defendants before trial, plaintiff appeals. Order reversed, and order for examination modified.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

Gerald B. Rosenheim, of New York City, for appellant.
Max D. Steuer, of New York City, for respondents.

DOWLING, J. This action is brought to recover damages for the publication of a libel concerning plaintiff in the New York Review. The amended complaint sets forth that the defendants, and each of them, caused to be printed and published the article complained of. This is denied by the answer of the respondents herein. An order for their examination has been vacated.

While the order might have permitted a wider scope of examination than was proper, plaintiff was undoubtedly entitled to examine the defendants as to the allegations set forth in the paragraphs of the amended complaint numbered "third" and "fifth"; for he cannot recover against the individual defendants unless he establishes their connection with the publication complained of, and to ascertain this he is entitled to question them, as well as the actual publisher of the libel. He is entitled as well to show, if he can, that defendants knew the article complained of to be false.

The order appealed from will therefore be reversed, with $10 costs and disbursements to appellant, and the order for the examination of respondents modified, by limiting it to the matters set forth in the paragraphs of the amended complaint numbered "third" and "fifth." All concur.