## GUENTHER v. RIDGWAY CO.

(Supreme Court, Appellate Division, First Department. November 7, 1913.)

1. APPEAL AND ERROR (§ 1195*)—REVIEW—LAW OF CASE.

Where, on appeal from an order requiring the secretary of defendant corporation to answer certain questions on examination before trial, no appeal was taken from the order granting the examination nor any question raised as to the propriety thereof or as to whether it should have been limited in any manner, and the order was general, covering the issues in the action, it was the law of the case that plaintiff was entitled to such examination.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4661–4665; Dec. Dig. § 1195.*]

2. DISCOVERY (§ 77*) — EXAMINATION BEFORE TRIAL — REFUSAL TO ANSWER QUESTION.

Where the examination of a witness before trial is had before a referee as authorized by Code Civ. Proc. § 873, and the witness refuses to answer a question, the referee is required by section 880 to report the fact to the court or judge, who must determine whether the question is relevant and whether the witness is bound to answer.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 91; Dec. Dig. § 77.*]

3. DEPOSITIONS (§ 64*)—EXAMINATION OF WITNESS UNDER COMMISSION—REFUSAL TO ANSWER QUESTIONS—RELEVANCY—DETERMINATION.

On examination of a witness under a commission from a sister state or foreign jurisdiction, the competency and admissibility of the evidence

must be determined by the foreign court; the courts of New York being limited to a determination of whether the testimony desired is relevant to the subject-matter of the action, not passing on the strict legality and competency of the evidence.

[Ed. Note.—For other cases, see Depositions, Cent. Dig. §§ 133–141; Dec. Dig. § 64.*]

4. DISCOVERY (§ 77*)—EXAMINATION BEFORE TRIAL.

Where a witness on examination before trial for use within the state refuses to answer questions, and such refusal is referred to the court on application for an order to compel him to answer, the court's examination is limited to the determination of whether the questions are relevant and whether the witness would be privileged from testifying; the competency or admissibility of the evidence being for the determination of the judge at the trial.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 91; Dec. Dig. § 77.*]

5. DISCOVERY (§ 77*)—EVIDENCE—RELEVANCY.

In an action against a publishing corporation for libel, defendant pleaded the truth in justification both as a complete and partial defense and also in mitigation of damages. Defendant's secretary and treasurer having verified the answer as of his personal knowledge and stated that he derived such knowledge in the performance of his duties as such, an order was made for his examination as an adverse party before trial. After quoting part of the alleged libelous article, he was asked whether he had any knowledge or information on the subject of the article, and on his refusal to answer he was asked whether the portion read to him from the complaint was a false statement. This being objected to, he was asked whether he made any investigation to ascertain whether or not the article was true or false when it was published, whether defendant made any investigation before publishing it, and also to state the facts with respect to whether the article was true or false, and whether it was not a fact that plaintiff had no police record known to the police authorities of Chicago and New York. Held, that the questions were not plainly irrelevant, and that the witness was properly required to answer them.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 91; Dec. Dig. § 77.*]

Scott and Clarke, JJ., dissenting.

Appeal from Special Term, New York County.

Action by Louis Guenther against the Ridgway Company. From a Special Term order requiring Ray Brown, defendant's secretary and treasurer, to answer certain questions which he had refused to answer under an order therefor, as an adverse party, requiring him to testify "concerning the matters relevant to the issues in this action," pursuant to Code of Civil Procedure, § 873, defendant appeals. Affirmed.

See, also, 149 App. Div. 948, 134 N. Y. Supp. 1133.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

James B. Sheehan, of New York City, for appellant.
E. C. Crowley, of New York City, for respondent.

LAUGHLIN, J. This is an action for libel. The libelous article was published on the 5th day of August, 1911, in a periodical known as "Adventure." The defendant admitted the publication and that it was published of and concerning the plaintiff, and denied positively the falsi-

ty of the article, and alleged positively, as a complete defense, that the statements therein contained are true, and also alleged positively the truth of the article as a partial defense, and alleged positively, in mitigation, that the article was published "after careful investigation and with full belief in the truth thereof and without malice or malicious or defamatory intent." The answer was verified by Brown, as of his personal knowledge, and in the verification it is stated that he derived his knowledge of the matters alleged in the answer "in the performance of his duties as secretary and treasurer of the said corporation."

The defendant publishes "Adventure," which it is alleged is a monthly periodical having a wide circulation. Brown has been in the employ of the defendant since its organization, and for a period of two or three years ending with the month of March, 1910, he was its assistant treasurer. On the 11th of November, 1911, he was elected a director and became secretary and treasurer of the company and still holds said office.

[1] No question with respect to the propriety of granting the order for the examination, or as to whether it should have been limited in any manner, is presented for review, for no appeal therefrom was taken. The order for the examination is general concerning the issues in the action, and, since the order stands in its entirety, it is the law of the case that plaintiff is entitled to such examination. Instead of appointing a referee to conduct the examination, the order directed that it be had before the justice who made the order, or one of the justices "who may be sitting at Special Term, Part 2," on the day fixed therefor.

[2] Where the examination is before a referee, as authorized by section 873 of the Code of Civil Procedure, and the person whose examination is authorized refuses to answer any question, the referee is required by section 880 of the Code of Civil Procedure to "report the fact to the court or judge, who must determine whether the question is relevant, and whether the witness is bound to answer it." The examination in question was evidently taken before a stenographer and not in the *immediate* presence of the judge sitting in Part 2, Special Term. The order from which the appeal is taken recites that the refusal of the witness to answer certain questions was reported to the *court,* and, after hearing counsel, the order requiring him to answer was made. If, upon the trial of an action, a witness should refuse to answer a question after being directed so to do by the court, it is manifest that the trial could not be suspended in order to enable him to have the ruling reviewed, and he would be obliged to answer or, by refusing to answer, subject himself to punishment for contempt and have to be adjudged in contempt before he could appeal.

[3] In the case of examinations within the state under a commission issued from a sister state or foreign jurisdiction, the rule is well settled that the competency and admissibility of the evidence are matters to be determined by the foreign court, and that, so far as the courts of this jurisdiction are concerned, "it is sufficient if it appear that such testimony may be competent, and, so far as the examination is not entirely irrelevant to the subject-matter of the action, the court will not, nor is it called upon to, pass upon the strict legality and competency of the ev-

idence sought to be elicited." Matter of Randall, 90 App. Div. 192, 85 N. Y. Supp. 1089, appeal dismissed 177 N. Y. 400, 69 N. E. 721.

[4] I am of opinion that substantially the same rule should apply to examinations before trial for use within the state, and that such was the intention of the Legislature. It will be observed that the Legislature did not confer authority on the justice of the court before whom the examination is had, or on the justice or the court if it be had before a referee, to pass upon the *competency* or *admissibility* of the evidence. It merely conferred authority to determine whether questions are *relevant* and whether the witness is bound to answer, which evidently was intended to provide for cases in which the witness would be privileged from testifying, for, by the express provisions of section 883 of the Code of Civil Procedure, it is provided that such a deposition has the same, and no other, effect "as the oral testimony of the witness would have" on the trial "and an objection to the competency or credibility of the witness, or to the relevancy or substantial competency of a question put to him, or of an answer given by him, may be made as if the witness was then personally examined and without being noted upon the deposition." If this were not so, it is manifest that such examinations could be readily delayed, and the justices or courts of original jurisdiction would have their time occupied in examining questions and making rulings that would have no binding effect on the trial court, and a party might thus be precluded from having the benefit of evidence which the trial court would deem competent and admissible. Moreover, the time of the courts of appeal would be occupied with frivolous appeals, which would accomplish nothing, save possibly to deprive a litigant of the right to competent evidence upon the trial of his action or to have the question of its competency presented upon the trial of the issues where a record could be made which would enable him to present the question intelligently to an appellate court. I am of opinion, therefore, that it is of importance to the parties to a particular litigation and to the general public, which is interested in having business before the courts dispatched, that we declare and adhere to the rule in accordance with that prescribed in said section 883 by the Legislature that only questions relating to the relevancy of the evidence to the issues, and with respect to whether the witness is privileged from answering, should be considered on such applications.

The learned counsel for the appellant cites Gavin v. New York Construction Co., 122 App. Div. 643, 107 N. Y. Supp. 272, in support of his contention that the test of the propriety of questions put to a witness on an examination before trial "is whether the testimony sought is material and proper to be used upon the trial of the action." In that case this court held that certain questions, which manifestly called for evidence not relevant to the issue, were improper. In the course of the opinion, it is stated argumentatively that, since an examination of a party before trial will not be granted unless the testimony sought is material and proper to be used upon the trial, that should be the test of the propriety of questions put to a witness on such an examination. It was not necessary to a decision of the appeal in that case to declare the rule so broadly, and I think the learned justice who wrote the opin-

ion overlooked the fact that it is for the trial court and not for the justice or the court supervising the examination to pass on the strict competency and materiality of the evidence provided it is *relevant* to the issues.

[5] In the case at bar the witness does not appeal, and the objections interposed do not relate to any question of personal privilege. The first question which the witness declined to answer was preceded by a quotation from the article published, which the witness by the answer alleged as of his own knowledge was true, and the inquiry made was whether he had any knowledge or information on the subject of the article. The question was objected to upon the ground that it was incompetent, irrelevant, and immaterial and constituted an attempt to probe into the defense, and it was expressly stated that no objection to the form of the question was made. The witness was then asked, "Is not the statement just read to you from the complaint a false statement?" to which the same objections and the further objection that it called for a conclusion were interposed. He was then asked, "Did you make any investigation to ascertain whether or not the article of which we complained is true or false?" and this was objected to "unless it is confined to a time prior to the publication of the article." The parties then appeared before Mr. Justice Giegerich, who directed the witness to answer the questions. On request of counsel for the defendant, the justice manifested a willingness to make a formal order so that the ruling might be reviewed. On the examination being resumed, the witness again declined to answer. He was then asked whether the defendant made any investigation to ascertain whether or not the libelous article was true before it published it. He answered:

"I was not officially connected with Adventure at that time and had no office with the Ridgway Company and I could not answer that question intelligently; that is, at the time things were going on I had no official knowledge of it."

The question was again repeated, and the witness answered:

"I was not working on this story."

He was then asked whether the defendant made any investigation before it published the article, and he answered:

"I do not think I am qualified to answer that."

He was then asked if he understood the question, and he asked that it be read, and it was read by the stenographer. The question was then objected to on the ground that it related to the defense and that the witness had testified that he was employed only in making pictures and had no connection with the publication of the article in question. Counsel for the plaintiff then drew attention to the answer which the witness had verified as of his own knowledge, but the witness failed to answer. The witness was then asked whether he had any knowledge with reference to the truth or falsity of one of the charges contained in the article, and he answered in the affirmative. He then testified that he did not personally make any investigation prior to the publication of the article to ascertain whether or not it was true, and added:

"I knew nothing about the matter before that."

He was then asked in effect to state the facts with respect to whether or not the article was true or false. To this the same objections were interposed, and the witness did not answer. He was then asked if the statement in the article that the police authorities of New York and Chicago could give the plaintiff's record with reference to a certain matter referred to in the article was not false, and if it was not a fact that the plaintiff had no record known to the police authorities of Chicago or New York in connection with the matter. To these questions the same objections were interposed, and the further objection that they called "for the operation of the minds of other people," and the witness did not answer. The parties then appeared before Mr. Justice Whitaker and submitted to him the questions to which objections were taken, and, after hearing counsel, he overruled the objections and made the order from which the appeal is taken.

Although the evidence called for by some of these questions and particularly the last might be excluded on the trial as incompetent and immaterial, still it cannot be said to be plainly irrelevant. Those relating to the truth of the article were authorized by Turton v. New York Reporter, 3 Misc. Rep. 314, 317, 22 N. Y. Supp. 766, affirmed 144 N. Y. 144, 38 N. Y. Supp. 1009. It was not material what knowledge the witness had individually with respect to the truth or falsity of the article, but, if the plaintiff had been permitted to show what knowledge the witness had on the subject, it might have appeared, or been readily developed therefrom, that those representing the defendant in the particular matter, and for whose acts it was responsible, had knowledge that the article was false or that it was published without proper investigation, which would be competent and material evidence on the question of damages (Carpenter v. N. Y. Evening Journal Pub. Co., 111 App. Div. 266, 97 N. Y. Supp. 478) and might properly be shown on an examination of the defendant before trial (Mason v. N. Y. Review Pub. Co., 154 App. Div. 651, 139 N. Y. Supp. 639). Considerable latitude should be given in examining an adverse party, for it is in the nature of a cross-examination to elicit the truth and shorten the trial.

It follows that the order should be affirmed, with $10 costs and disbursements.

INGRAHAM, P. J., and McLAUGHLIN, J., concur.

SCOTT, J. In my opinion the order appealed from should be reversed. It is perfectly obvious that in asking the questions which were objected to the plaintiff was not examining the defendant through its secretary but was trying to examine the secretary as an individual witness. I quite agree as to the usefulness, in the interest of justice, of the power to examine an adversary before trial, but I think that we should be careful to guard against the abuse of that power even if it does entail a certain amount of work upon the court.

CLARKE, J., concurs.