Kupfer & Co. No opinion. Application denied, with $10 costs. Order signed. See, also, 84 Misc. Rep. 393, 146 N. Y. Supp. 189.

GOLDSTEIN v. PULLMAN CO. (Supreme Court, Appellate Division, First Department. May 8, 1914.) Action by Louis Goldstein against the Pullman Company. No opinion. Motion granted, upon defendant stipulating that in the event of affirmance judgment absolute shall be rendered against it. Settle order on notice. See, also, 147 N. Y. Supp. 133.

GOUGH, Appellant, v. PRESS PUB. CO., Respondent. (Supreme Court, Appellate Division, First Department. March 27, 1914.) Action by Mary J. Gough against the Press Publishing Company. S. M. Meyer, of New York City, for appellant. C. B. Brophy, of New York City, for respondent.

PER CURIAM. Judgment and order affirmed, with costs, with leave to plaintiff to amend complaint on payment of costs. Order filed.

LAUGHLIN, J., dissents.

GRADY, Respondent, v. BROOKLYN UNION GAS CO., Appellant. (Supreme Court, Appellate Division, Second Department. May 1, 1914.) Action by Bridget Grady against the Brooklyn Union Gas Company.

PER CURIAM. Judgment and order of the County Court of Kings County unanimously affirmed, with costs. A passenger leaving a street car at the Borough Hall loop, to cross the street to the sidewalk, who is invited to come across by the officer of the traffic squad on duty, is not to be held guilty of contributory negligence as matter of law, if run over by an approaching vehicle which the traffic officer failed to stop. In such case, it is a question of fact for the jury whether the conduct of the pedestrian is that of a reasonably prudent person, in view of all the circumstances. The weight of the evidence and the condition at this place of dense traffic justify the finding of negligence in the driving and management of the defendant's horse and wagon in colliding with the plaintiff.

GRAFF v. FLEISCHMANN BROS. CO. (Supreme Court, Appellate Division, First Department. April 24, 1914.) Action by Edwin D. Graff against the Fleischmann Bros. Company. C. Levy, of New York City, for appellant. J. J. Corn, of New York City, for respondent.

PER CURIAM. Order reversed, with $10 costs and disbursements to the plaintiff, the motion to vacate the order for the examination of the defendant before trial denied, and the order for the examination reinstated; the date of the examination to be fixed on settlement of the order. Settle order on notice.

GRANOVITCH v. PITTSBURG CONTRACTING CO. (Supreme Court, Appellate Term, First Department. May 7, 1914.) Appeal from City Court of New York, Trial Term. Action by Antonio Granovitch against the Pittsburg Contracting Company. From a judgment of dismissal, and from an order denying a new trial, plaintiff appeals. Reversed, and new trial ordered. Richmond J. Reese, of New York City, for appellant. J. Ambrose Goodwin, of White Plains, for respondent.

PER CURIAM. The judgment is reversed, upon the ground that there was sufficient evidence to submit to the jury upon the question of the negligence of defendant generally and specifically in failing to promulgate proper rules, etc., and upon the ground that the court erred in excluding evidence in reference to the general condition of the track and place where plaintiff was employed. Judgment and order reversed, and new trial ordered, with costs to appellant to abide the event.

GRASS, Appellant, v. INTERNATIONAL RY. CO., Respondent. (Supreme Court, Appellate Division, Fourth Department. April 29, 1914.) Action by John Grass, Jr., an infant, etc., against the International Railway Company. No opinion. Judgment and order affirmed, with costs.

GRIFFIN, Appellant, v. ARMSTED et al., Respondents. (Supreme Court, Appellate Division, Fourth Department. April 29, 1914.) Action by John Griffin against Charles H. Armsted and others.

PER CURIAM. Interlocutory judgment (143 N. Y. Supp. 770) affirmed, with costs, with leave to the plaintiff to plead over within 20 days upon payment of the costs of the demurrer and of this appeal. Held, assuming that the complaint is sufficient to show that the plaintiff is the owner of the notes and several chattel mortgages, or has such interest therein as to permit him to bring the action (which is at least doubtful), it was improper to unite in one action the foreclosure of several chattel mortgages, given to secure different obligations, not covering the same chattels, some of which are claimed by one defendant and some by others. Judgment modified on rehearing, 147 N. Y. Supp. 1114.

GRIFFIN, Appellant, v. ARMSTED et al., Respondents. (Supreme Court, Appellate Division, Fourth Department. May 20, 1914.) Action by John Griffin against Charles H. Armsted and others. No opinion. Decision (147 N. Y. Supp. 1114) amended, by providing that it be without prejudice to an application at Special Term to sever the causes of action set forth in the complaint, or for such other relief as may be proper.

GUENTHER, Respondent, v. RIDGWAY CO., Appellant. (Supreme Court, Appellate Division, First Department. May 8, 1914.) Action by Louis Guenther against the Ridgway Company. J. B. Sheehan, of New York City, for appellant. E. C. Crowley, of New York City, for respondent. No opinion. Order affirmed, with $10 costs and disbursements. Order filed. See, also, 159 App. Div. 74, 143 N. Y. Supp. 961.

GUMPEL et al., Appellants, v. BUSSONG et al., Respondents. (Supreme Court, Appellate Division, First Department. April 24, 1914.) Action by Julius Gumpel and others against