In the Matter of the Petition of PHIL GLEICHMAN for the Issuance of a Subpœna to Compel SIDNEY R. KENT and Others to Testify under Code of Civil Procedure, Section 915 (Civil Practice Act, § 311).

Supreme Court, New York Special Term, May 13, 1924.

**Depositions — motion to vacate subpœna duces tecum requiring appearance of officers and employees of defendant before commissioner appointed by commission issued out of Michigan court, and production by them of certain contracts and writings — New York court not required to pass upon strict legality and competency of evidence sought — testimony sought is competent — motion denied.**

A motion to vacate a subpœna *duces tecum* requiring the appearance of officers and employees of the defendant before a commissioner appointed by a commission issued out of a Michigan court and the production by them of certain contracts and writings should be denied, for it appears that the examination of the witnesses is sought in good faith and that the testimony will be admissible in an action in equity pending in the Michigan court to restrain the alleged violation of plaintiff's rights in and to the exhibition of certain motion pictures by virtue of an agreement between the plaintiff and the defendant corporation.

The competency of the evidence or its admissibility upon the trial of the action are matters for the determination of the Michigan court when the commission shall be returned to it, and this court upon a motion to vacate the subpœna *duces tecum* is not required to pass upon the question of the strict legality and

Misc. 198]     Supreme Court, May, 1924.

competency of the evidence sought to be elicited, and furthermore it appears that the court of last resort in Michigan has determined that the evidence is not only admissible but necessary to plaintiff.

The contention that the applicant is attempting to procure through this examination information to which he is not entitled under the laws of the state of Michigan is wholly without merit.

MOTION to vacate a subpœna *duces tecum* requiring the appearance of the persons named therein before the commissioner appointed by a commission issued out of the Circuit Court of Wayne county, Mich., and the production by them of certain contracts and writings.

*Cravath, Henderson & deGersdorff (John Preston Phillips,* of counsel), for the Famous Players-Lasky Corporation (one of the defendants in the Michigan action and whose officers and employees are named in the subpœna), for the motion.

*Lewis & Kelsey (Frederick T. Kelsey* and *Thomas E. Huser,* of counsel), for the petitioner, opposed.

GIEGERICH, J. This is a motion to vacate a subpœna *duces tecum* requiring the appearance of the persons named therein before the commissioner appointed by a commission issued out of the Circuit Court of Wayne county, Mich., to testify and give evidence in an action now pending in said court between Phil Gleichman, plaintiff, and the Famous Players-Lasky Corporation and others, defendants, and requiring the parties subpœnaed to bring with them contracts, writings, booking agreements and other records of the Famous Players-Lasky Corporation relating to the exhibition of motion pictures produced, controlled or distributed by said Famous Players-Lasky Corporation during the seasons 1922–1923 and 1923–1924 in fifty-five theatres in various parts of the United States named in said subpœna. It appears by the affidavit of Phil Gleichman in support of the application for the subpœna *duces tecum* that the action referred to in the subpœna is in equity to restrain the alleged violation of Gleichman's rights in and to the exhibition of certain motion pictures in the Broadway-Strand Theatre in the city of Detroit, Mich., by virtue of a written agreement entered into between the said Gleichman and the Famous Players-Lasky Corporation. In such contract the said corporation agreed that from year to year during the five-year period covered thereby the exhibition of motion pictures released by it should be " upon terms and conditions similar to those applied by the distributor (Famous Players-Lasky Corporation) during such years to theatres of like seating capacity, location and standing." It is alleged in the bill of complaint in such action that after operating under the contract for three years the Famous Players-Lasky Cor-

poration refused to carry out its agreement for the remaining two years and entered into contractual relations with other rival theatres in Detroit owned and controlled by the defendants in said action. It is now urged in support of the motion to vacate the subpœna by the Famous Players-Lasky Corporation, whose officers and employees are the ones directed to appear for examination pursuant to the said subpœna, that the petition upon which the subpœna *duces tecum* was issued is insufficient, and, further, that Gleichman's statement in his petition that the theatres named therein are of like seating capacity, location and standing as the Broadway-Strand Theatre is wholly unfounded and contrary to the facts. In support of such contention the argument is advanced that, since Gleichman has the burden of showing in the Michigan court that each of the contracts sought to be examined here relates to a theatre similar in capacity, location and standing to the Broadway-Strand Theatre, such contracts may never become relevant, because it may, on a further examination of the facts at the trial, appear that any or all of the said contracts apply to theatres which are not similar to the Broadway-Strand in some essential detail. The examination of the witness, however, cannot be refused for any such reason. The papers satisfy me that the examination of the witnesses is sought in good faith, and it would seem that the testimony sought to be elicited may be competent in the action pending in the Michigan court. The competency of the evidence or its admissibility upon the trial of the action are matters for the determination of the Michigan court when the commission shall be returned to it, and this court, upon a motion to vacate the subpœna, is not required to pass upon the question of the strict legality and competency of the evidence sought to be elicited. See *Matter of Randall,* 90 App. Div. 192; appeal dismissed, 177 N. Y. 400; *Guenther* v. *Ridgway Co.,* 159 App. Div. 74; *Matter of Spinks,* 63 id. 235. Apart from all this it would appear that the Supreme Court of the State of Michigan in the action there pending (*Gleichman* v. *Wayne Circuit Judge,* 221 Mich. 355) held that proof would have to be made of the terms and conditions which had been established by the distributor (Famous Players-Lasky Corporation) in other theatres of like character, and it, therefore, seems to be incumbent upon the plaintiff in that action, the petitioner here, to show that the said distributor was to furnish motion picture films to him at the same prices which it charged other theatres of like seating capacity, location and standing during the period of the contract between the parties. This view would seem to be in accord with that above expressed by the defendant's counsel upon the subject,

and it thus appears that the testimony sought to be elicited by the examination of the witnesses in question is admissible. The ultimate question of its admissibility upon the trial of the action, however, as seen, is not for this court to determine, but must be determined by the Michigan court when the commission shall be returned to it. It is further urged in support of the motion to vacate the subpœna that the applicant is attempting to procure through this examination information to which he is not entitled under the laws of the state of Michigan. A careful examination of the authorities cited both in support of and in opposition to this proposition convinces me that such contention is wholly without merit. For the reasons stated above the motion to vacate the subpœna *duces tecum* should in all respects be denied, with ten dollars costs. The order to be entered hereon will fix a time for the examination to proceed. Settle order on notice.

Ordered accordingly.