encroachment, although a slight one, was undisputed, and the Special Term should have given plaintiffs judgment to compel the removal of the encroachment or to pay plaintiffs the damage sustained thereby. Lazansky, P. J., Young, Scudder, Tompkins and Davis, JJ., concur. Settle order on notice.

B. G. ANTUN, INC., Respondent, v. EMILIO VIOLA, Appellant, and Others, Defendants. (Appeal No. 1.) — Order denying motion of defendant Viola for the examination before trial of certain third parties affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Young, Scudder, Tompkins and Davis, JJ., concur.

B. G. ANTUN, INC., Respondent, v. EMILIO VIOLA, Appellant, and Others, Defendants. (Appeal No. 2.) — Order denying motion to compel plaintiff's president to answer certain questions on examination before trial reversed on the law and facts, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, examination to proceed on five days' notice. The order of the Supreme Court for the examination of plaintiff's president is sufficiently broad to entitle defendant to receive answers to the questions set forth in the notice of motion. Such questions, in this court's opinion, are relevant to the issues. It is for the trial court to pass upon the competency and materiality of the evidence. (*Guenther* v. *Ridgway Company*, 159 App. Div. 74.) Young, Scudder, Tompkins and Davis, JJ., concur; Lazansky, P. J., dissents on the ground that the order is not appealable.

FREDERICK BITZ, Appellant, v. ROSE FEINBERG, Defendant, and DOROTHY FEINBERG, Respondent.— Judgment reversed on the facts and a new trial granted, costs to appellant to abide the event, unless within five days from the entry of the order herein defendant Dorothy Feinberg stipulate that the verdict be increased to the sum of $1,000, in which event the judgment, as increased, is unanimously affirmed, with costs to appellant. We are of opinion that the verdict of the jury was inadequate. Lazansky, P. J., Young, Scudder, Tompkins and Davis, JJ., concur.

DOROTHY DAAB, by FREDERICK F. P. DAAB, Her Guardian ad Litem, Respondent, v. FRANCIS McDERMOTT, Appellant.— Order denying defendant's motion to require the plaintiff, or her attorney, to satisfy of record a certain judgment; order granting plaintiff's motion to issue execution upon judgment, and order granting plaintiff's motion for reargument and on reargument modifying the last mentioned order, affirmed, without costs. No opinion. Lazansky, P. J., Kapper, Hagarty, Carswell and Davis, JJ., concur.

WILLIAM L. DAVIS, JR., Respondent, v. THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Appellant.— Judgment modified by reducing the amount of the verdict to $1,200, and as so modified affirmed, with costs to respondent. Lazansky, P. J., Young, Scudder and Tompkins, JJ., concur; Davis, J., dissents and votes for affirmance on the ground that the law of the case was that the damages were $1,575.

ANNA L. DEGROAT, as Administratrix, etc., of CHARLES H. DEGROAT, Deceased, Appellant, v. THE NEW YORK CENTRAL RAILROAD COMPANY, Respondent.— Order granting motion to change the place of trial from Kings county to Rockland county reversed upon the law, with ten dollars costs and disbursements, and motion denied. The record shows, undenied, several places in the county of Kings where the defendant conducts the business of receiving and discharging