Michael Catalano, J.
This is a motion for “ an Order requiring and compelling Robert F. McGfraw and Frederick Hein, witnesses, to answer certain questions, as more fully explained in the affidavit of Charles H. Dougherty, upon their examination before trial in the above entitled action ”.
Said affidavit states, in effect, that at the commencement of the deposition it was stipulated that “ all objections to questions except as to the form of the question be reserved to the time *250 of the trial; ” ‘ that in the case of two witnesses, Robert F. McGraw (see deposition, pp. 28-33) and Frederick Hein (see deposition, pp. 186-187), it was ascertained that they overheard conversations that decedent had with others at the scene following the accident; ” “ that said witnesses stated that they were able to relate the conversation verbatim, or at least, in substance; that upon objection by counsel they did not answer.” The opposing affidavit states, in part: “ it clearly appears from their testimony that a period of time approximating twenty minutes had passed between the happening of the accident and the arrival of these individuals in the vicinity of the injured man. Their testimony is now sought as to what, if any, conversation they overheard between the injured man and fellow employees of the third-party defendant. Deponent (attorney for defendants) instructed the witnesses not to answer these questions at the time of the examination before trial on the theory that the statements so made were not part of the res gestae, and this objection is repeated here.”
Robert Francis McGraw was examined March 28, 1958 by the plaintiff’s attorney, stating that he was employed by the New York Central Railroad; that he arrived on September 29, 1956 at Wayneport, New York, at the time of the accident; that after 10 or 15 minutes, he heard about the accident and reached the injured man who wa-s under a railroad car; that he recalled the substance of a conversation between the injured man and certain other persons. He was asked, “ Would you state what in substance he was saying? ’ ’; thereupon, counsel for the defendants said, “I am going to object to that and I am going to direct the witness not to answer. ’ ’
Frederick A. Hein, another employee of the New York Central Railroad, was in the company of said McGraw, when he heard the conversation in question, and he could reasonably restate it verbatim. He was asked, “ Now, will you tell us what he said?”; thereupon, counsel for the defendants said, “ Objection.” At the time and place of the accident, this witness observed that the injured man’s “ left leg was pinched underneath the rear north wheel and his right leg had a com.pound fracture below the knee. His right groin was gouged out and there was blood for approximately eight or nine feet along the rail east of the wheel. ’ ’
The injured man died on October 18,1956. Section 305 of the Civil Practice Act, entitled “ Effect of deposition ”, provides, in part, as follows: “Any objection to the competency of the witness, or to a question or answer, may be made as if the witness were being then personally examined; but an objection *251 as to the form only of a question is waived unless noted upon the deposition.”
Rule 121-a of the Rules of Civil Practice, entitled, “ Testimony by deposition in an action; notice ”, provides, in part, as follows: “ In an action to recover damages for personal injuries or brought pursuant to section 130 of the Decedent Estate Law, or to recover damages for an injury to property brought in connection therewith, it shall be sufficient if, as to matters upon which a person is to be examined, the notice shall state ‘ all of the relevant facts and circumstances in connection with the accident, including negligence, contributory negligence, liability or damages.’” (Emphasis supplied.)
Considerable latitude should be given in examining before trial an adverse party or its employee for it is in the nature of a cross-examination to elicit the truth and shorten the trial. (Guenther v. Ridgeway Co., 159 App. Div. 74, 80.) Where the question calls for matter clearly relevant it should be answered; only objections for incompetency, inadmissibility and immateriality must be reserved for the trial itself, where the defendants’ rights shall be preserved. (Brown v. Bedell, 232 App. Div. 158, 159; Antun, Inc., v. Viola [No. 2], 235 App. Div. 816; Kleinfield v. Katz, 265 App. Div. 948; Guenther v. Ridgeway Co., 159 App. Div. 74, 77, supra.)
Here, defense counsel merely said, ‘1 am going to object to that,” and again, “ objection,” therefore, his objections are deemed to be only as to form.
In the defendants’ affidavit submitted in this motion, though not stated at the taking of the deposition, a basis for instructing the witnesses not to answer was on the theory that the statements of the decedent were not part of the res gestee.
The res gestee, meaning literally the thing done, when applied to a declaration made by a participant during or after an injury or other startling event is generally considered a matter of admissibility. (Richardson, Evidence [8th ed.], § 263, pp. 241-243.) The usual case involves an affray or a railroad accident. (6 Wigmore, Evidence [3rd ed.], § 1747.)
The leading New York railroad case on the subject is Waldele v. New Yorh Central & H. R. R. R. Co. (95 N. Y. 274). There, the intestate, a deaf-mute, received injuries when struck by the defendant’s train. No one saw the accident. About 30 minutes after the accident, his brother, also a deaf-mute, obtained from him, by signs, the declarations, the reception of which in evidence were held to be error. The brother was produced by the plaintiff as a witness and was asked: ‘ ‘ What did he tell you? ” (95 N. Y. 274, 277.) Defense counsel objected, inter *252 alia, that the declarations were inadmissible as being no part of the res gestae. The court held that the evidence was material, but incompetent (95 N. Y. 274, 277).
Earl, J., speaking for the court in the Waldele case (95 N. Y. 274, supra) said at page 288: “ There is no middle ground for receiving declarations of this character — that is, they must be received either as dying declarations or as declarations forming part of the res gesta. But it is said that although this evidence may have been incompetent to show how the accident happéned, it was competent to explain the condition of the intestate at the time he made the declarations. It is clear, however, that they were not received for that purpose. There was no dispute about his condition.”
Thus, it would seem that the questions put to witnesses McGraw and Hein are not proper since the declarations made by the decedent in this case were incompetent and so inadmissible. Nevertheless, here, it was stipulated, “ that all objections to questions except as to form of the question be reserved to the time of the trial.” It follows that it is for the trial court to rule on the competency and admissibility of these declarations.
The objections of the defense counsel, therefore, are overruled and the witnesses McGraw and Hein are ordered to answer these questions. The plaintiff’s motion is granted, without costs, and the examination is to proceed on five days ’ notice.
Prepare and submit order accordingly.