Joseph A. G-avagah, J.
Plaintiffs move to punish the defendant Carity for contempt. A Special Referee, before whom Carity is being examined before trial, has certified the defendant committed contempts in his presence by refusing to answer-questions when directed to do so, and by refusing to produce books and records pursuant to a subpoena issued by the Special Referee, although both the questions propounded and the data subpoenaed are material to the issues raised by the pleadings herein.
Plaintiffs claim that defendants had transferred to one or more corporations of their organization their rights and obligations under- a sales contract that gave rise to profits which measure plaintiffs’ damages. Plaintiffs, at the examination herein, were seeking to elicit by the questions rvhich Carity refused to answer, and by the books and records which he refused to produce, just what had happened in this phase of the business transactions in suit. The line of inquiry was held by the Special Referee to be relevant and pertinent to the issues involved and I am in accord therewith. I am satisfied that Carity’s conduct before the Special Referee frustrated these inquiries.
In the first place, he has not justified his refusal to answer the questions propounded. He is not excused because he believed he had the right to have the Referee’s rulings reviewed by a judge, at Special Term. The order which appointed the Special Referee vested him expressly with powers to ■ conduct and superintend the examination “ in the same manner and with the same powers * * * as if said depositions were taken before *876 a Justicerof:this Court”. .-The defendant did not appeaL-from that order. .:Its provisions .are therefore the controlling .law -ns to the powers of the Referee in respect of the stated examination of this defendant as a party in the action (Guenther v. Ridgway Co., 159 App. Div. 74, 76). It must have been clear to Carity,' and his attorney, who advised him not to answer, that under the provisions of the order the Special Referee had power to rule on questions without further resort to any justice of this court. It appears that the Special Referee was appointed to supervise and facilitate the examinations to prevent and avoid obstructive tactics by the defendant. The defendant’s arguments that only a judge of the court can determine whether the party should answer is without merit. If the Referee has no power to rule on questions and direct that they be answered, then the order of his appointment herein is pointless. By the second paragraph of rule 129 of the Rules of Civil Practice, it is provided that: “ In an examination within the state before a person other than a judge of the court, if a witness refuses to answer a question, such refusal may be reported to the court or judge, who shall determine if the witness should answer.”
The word “ witness ” as afore-stated is a word of art. Throughout article 29 of the Civil Practice Act (which deals with testimony by deposition) and companionate rules 120 to 123, the distinction is always sharply drawn between “ party ” and “ witness ”. Different rights and obligations follow where the person examined by deposition is one or the other. For example, this distinction is present in sections 288, 296 and rule 122. If a given section of the act or of a rule seeks to express that it is applicable to both “party” and a “witness”, the phrase used is “person to be examined ”. That phrase, for instance, is used in the first paragraph of rule 129 itself. Hence, when the second paragraph refers to a “ witness ’ ’ it means just that — and not a “ party ”. The reason that the second paragraph of rule 129 was intended to be applicable only to the examination of witnesses is plain. The first paragraph of rule 129 requires that oral examination “ of a person whose testimony is to be taken by deposition ”, i.e., any person “ shall be conducted in the same manner as on the trial ”. At the trial of an action, a witness is not entitled to his own counsel. That rule applies equally in proceedings supplementary to judgment and it applies to an examination before tidal. To safeguard the rights of a “ witness ”, who is perforce without counsel, the rule requires that his refusal to answer a question shall be reported to the judge of the court, and only a judge may determine whether the witness should answer. By contrast, no such protec *877 tion need be thrown about a “ party ” who enjoys representation of counsel during an examination.
In the instant case, the Special Referee appointed by this court took the place of á judge of this court in presiding over the examination of the defendant, a “party”. To hold that under the circumstances of this designation and the order thereon that the Special Referee may not order the party to answer questions would make the appointment of the Special Referee ineffective in its practical purpose . By the order of this court the Special Referee was vested with powers to conduct and superintend the examinations before trial of the defendants 1 ‘ in the same manner and with the same powers, including the powers pertaining to subpoenas, set forth in Sections 403 to 406, inclusive of the Civil Practice Act, as if said depositions were taken before a Justice of this Court ”. As hereinbefore pointed out, defendants did not appeal this order. Its provisions are therefore controlling (Guenther v. Ridgway, supra).
We come now to the argument of the defendant that his answers would result in disclosure of confidential business information to plaintiffs who are claimed to be defendants’ competitors. This argument is untenable. The matter does not appear to be confidential or of a secret nature. Moreover, the hearing officer can adequately protect the party being examined to avoid disclosure of legitimate trade information.
The second branch of the instant motion, which seeks to punish Carity for refusal to produce books and records pursuant to the subpoena, presents a different problem. The defendant appears to have been less than frank about these books before the Referee, as well as in his answering affidavit herein. Yet facts which came to plaintiffs’ attention during the pendency of this motion, and which they themselves submit in a reply affidavit, require a denial of this branch of the motion. The subpoena was directed to Carity in his individual capacity. Before the Referee, his counsel objected to the production of the books and records on various grounds, concluding with a general statement that certain of the records were not within Carity’s control. There was no explanation or enlargement upon this objection. However, along with the defendant’s answering affidavits, there was submitted a letter from an attorney which stated that the subpoenaed data and records are the property of the “ Rainbow Corporations ”, This cryptic statement cannot be ignored. In addition, it further appears that just after the institution of the present motion a prospectus for a public underwriting' of $2,000,000 in debentures was issued by a certain American Realty and Petroleum Corporation. From this plaintiffs learned that the defend *878 ants- had - organized 15’ corporations that had undertaken performance of the sales contract , for . defendants,., after ..which they were merged with the.- American Realty .and. Petroleum .Corporation: The subpoenaed'books, ánd récords are" therefore, in its possession. While Carity is an officer' of that corporation, and as such may have control of the books and records, he was under no legal obligation to produce them pursuant to a subpoena addressed to him individually. For that reason, I am ' constrained to hold he was not guilty of contempt for refusal to produce the books and records.
The entire pattern of Carity’s conduct, however, persuades me that he has been deliberately impeding and obstructing, the examination. He could readily have answered the questions propounded, on the issues involved, to disclose information which was about to become public anyway. "His conduct has impeded and delayed the inquiry.
Accordingly, the motion is granted to the extent that I find' Carity guilty of contempt pursuant to section 753 of the Judiciary Law in refusing to answer the questions directed to be answered by the Special Referee. Said defendant Carity is fined the sum of $100 and he is directed to appear to answer said questions and for further continuance of his examination. The motion is otherwise denied.