OPINION OF THE COURT
John S. Lockman, J.
Motion by plaintiff for further examinations before trial (EBT) of defendants Walter J. Rapp, Jr., Walter J. Rapp, Sr., and Joseph Moreo is granted as to defendants Walter J. Rapp, Sr., and Joseph Moreo and denied as to defendant Walter J. Rapp, Jr.
During the examinations of each of these defendants questions posed by plaintiff were objected to by a defendant. The defendants refused to avail themselves of the availability of the Special Term, Part II, Justice for a ruling on their objections insisting instead that a written application be made. The attorney for the Rapps has not on this application offered the court a copy of or citation to the Appellate Division rule which he asserted at the examination required that the rulings of this nature be secured on papers. It is true that Professor Siegel has suggested that objections arising during EBTs be saved up for “one massive motion for a protective order under CPLR 3103 or a disclosure order under CPLR 3124” after the session. (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY,
*276 Book 7B, CPLR C3113:2.) However, “Considerable latitude should be given in examining before trial an adverse party or its employee for it is the nature of a cross-examination to elicit the truth and shorten the trial.” (Murphy v New York Cent. R. R. Co., 16 Misc 2d 249, 251.) Clearly, Professor Siegel did not intend that his comments with regard to motions upon objections arising during an EBT should serve as a pretext for unnecessarily disrupting pretrial examinations by insisting upon written applications even as to trivial matters. The parties here have asserted nothing in the papers which they could not have brought before the Special Term, Part II, Justice. Indeed, their failure to furnish the court with copies of the pleadings and the unavailability of the reporter to read back portions of the testimony elicited render this court less well equipped than was the Special Term, Part II, Justice.
Therefore, further examinations of defendants Walter J. Rapp, Sr., and Joseph Moreo are directed. Should any objections arise during such examinations, the parties are directed to attend before the Special Term, Part II, Justice who may in his discretion either rule or direct that an application be made on papers. The questions propounded to defendant Walter J. Rapp, Jr., with respect to his drawing a diagram were not proper and therefore his further examination is not required.