## ROSENBLOOM v. MARYLAND CASUALTY CO.

(Supreme Court, Appellate Division, First Department. November 8, 1912.)

1. INSURANCE (§ 388*)—INDEMNITY INSURANCE—LIABILITY.

　An indemnity insurer, receiving notice of an action against insured, and undertaking, with knowledge of the facts, the defense of the action, and depriving insured of any control of it, and preventing a settlement for a comparatively small sum, is, after judgment against insured, estopped to deny that the accident is within the policy.

　[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1026, 1027, 1030, 1035, 1040, 1057; Dec. Dig. § 388.*]

2. PARTIES (§ 80*)—DEFECT OF PARTIES—OBJECTION—DEMURRER.

　Where an action on an indemnity policy was brought by an assignee thereof, who sought to recover on the ground that a third person had obtained judgment against him, a defect of parties, if any, was apparent from the face of the complaint, and an objection thereto must be taken by demurrer.

　[Ed. Note.—For other cases, see Parties, Cent. Dig. §§ 123–131, 170; Dec. Dig. § 80.*]

3. INSURANCE (§ 388*)—INDEMNITY INSURANCE—LIABILITY.

　An indemnity insurer, controlling the defense of an action against insured, and neglecting to appeal from a judgment against insured, may not defeat an action on the policy on the ground that there had been no adjudication by a court of last resort.

　[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1026, 1027, 1030, 1035, 1040, 1057; Dec. Dig. § 388.*]

Appeal from Trial Term, New York County.

Action by Jacob Rosenbloom against the Maryland Casualty Company. From a judgment for plaintiff, and from an order ·denying a new trial, defendant appeals. Affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

James J. Mahoney, of New York City, for appellant.
M. E. Kelley, of New York City, for respondent.

SCOTT, J. There are no disputed questions of fact, as was conceded by both parties at the close of the trial, when both moved for a direction of a verdict, and neither asked that any question be submitted to the jury.

The defendant issued its policy of indemnity insurance to the Apollo Realty Company, as owner of a building in course of construction in the city of New York. The Realty Company afterwards

conveyed the premises to plaintiff and two other persons, and at the same time assigned and actually delivered the policy to its grantees, with the consent of the defendant, which was indorsed in writing upon the policy. The erection of the building was proceeded with by several general contractors, so that no one contractor was in charge of the whole work; the premises remaining in the general possession and control of the owners. On June 11, 1906, one Julius Goldstein, in the employ of one of the contractors, fell through the iron beams on the fourth floor to the ground below, sustaining injuries. He sued the owners for damages, upon the ground that they had failed to perform the statutory duty of planking over the floors. His complaint set forth clearly the grounds upon which he sought to hold the owners liable.

Notice of the accident was given to defendant as soon as the assured heard of it, and when the action was commenced the papers were delivered to defendant, which undertook the defense without protest or reservation. It drew an answer by its own attorney, prepared the case for trial, subpoenaed the witnesses, and tried the case, without inviting the assured to participate in the defense. Indeed, it refused to consent that the action should be compromised and settled, as it could have been at one time, for a comparatively insignificant sum. The action resulted in a verdict for the plaintiff for $1,500. After the trial the assured and the attorney for the insurer had negotiations concerning an appeal. The defendant did not appeal, and did not definitely decline to do so until the time to appeal had expired; nor did it notify the assured that they must appeal themselves, if they desired the judgment to be appealed against. The result was that plaintiff was ultimately obliged to pay the judgment, and now sues to recover the amount paid.

[1] The defense mainly relied upon is that the injury for which Goldstein recovered judgment was not a liability insured against by the terms of the policy. Whether it was, or not, is perhaps open to question, but that question we are not called upon to consider. As has already been said, the complaint in the Goldstein Case disclosed precisely the nature of his claim and the ground upon which he sought to hold the owners liable, so that, when the defendant assumed the defense of the action, it had every means of ascertaining whether or not the loss was one for which it was liable under its policy. It is perfectly well settled that under such circumstances an insurer, who has with full knowledge undertaken the defense of an action, and deprived the assured of any control of it, will be deemed estopped to deny that the accident was within the terms of the policy. Glens Falls Cement Co., v. Travelers' Ins. Co., 11 App. Div. 411, 42 N. Y. Supp. 285, affirmed 162 N. Y. 399, 56 N. E. 897; Brassil v. Maryland Casualty Co., 147 App. Div. 815, 133 N. Y. Supp. 187; Royle Mining Co. v. Fidelity & Casualty Co., 126 Mo. App. 104, 103 S. W. 1098; Fairbanks Canning Co. v. London Guaranty & Accident Co., 154 Mo. App. 327, 133 S. W. 664; Tozer v. Ocean Accident & Guarantee Corp., 94 Minn. 478, 103 N. W. 509; Globe Nav. Co. v. Maryland Casualty Co., 39 Wash. 299, 81 Pac. 826. As this court pointed

out in Brassil v. Maryland Casualty Co., supra, the position of an insurer, who denies its liability from the first and refuses to defend, is quite different from that of one who elects to defend and thus ousts the assured from any opportunity to defend himself.

[2] The other grounds upon which a reversal is asked do not commend themselves to our judgment and require no extended comment. If there was a defect of parties plaintiff, that fact appeared on the face of the complaint and the objection should have been taken by demurrer. Sullivan v. New York R. C. Co., 119 N. Y. 356, 23 N. E. 820.

[3] The objection that there has been no adjudication by a court of last resort can hardly be seriously urged, when it was the defendant itself that neglected to appeal.

The judgment and order must be affirmed, with costs. All concur.