DAVID A. BROWN, Appellant, *v.* WALTER E. BEDELL and Others, Respondents.

First Department, April 10, 1931.

*Abraham Benedict* of counsel [*Gustavus A. Rogers* with him on the brief; *Jenks & Rogers*, attorneys], for the appellant.

*Edmund B. Hennefeld* of counsel [*David Steckler*, attorney for the defendant Davidow; *Guggenheimer, Untermyer & Marshall*, attorneys for the defendants Alexander and others; *David I. Shapiro*, attorney for the defendant Eisenberg; *Abberley, Bryde & Appleton*, attorneys for the defendant Robertson; *Barron, Rice & Rockmore*, attorneys for the defendant Winston], for the respondents.

PER CURIAM. The questions to which objections were made appear to us to be included within the scope of the examination of the respective defendants ordered. However, the questions numbered 89 to 92, inclusive, are improper as to form. Such objection is properly taken upon the examination. (Civ. Prac. Act, § 305.) The other questions call for matters clearly relevant. Objections to these for incompetency and immateriality must be reserved for the trial, where the rights of the respective defendants may be preserved. (*Guenther* v. *Ridgway Co.*, 159 App. Div. 74.)

The order appealed from should be modified by granting plaintiff's motion with respect to all questions objected to, except those numbered 89 to 92, inclusive, and further by striking out the provision limiting further examination of the defendants only in respect of each defendant's particular activity and conduct and without reference to the acts and conduct of the other defendants, and as so modified affirmed, without costs.

Present — FINCH, P. J., MERRELL, MCAVOY, MARTIN and O'MALLEY, JJ.

Order modified as indicated in opinion and as so modified affirmed, without costs. Settle order on notice. Time and place for examination to proceed to be fixed in the order.