AMERICAN LUMBERMENS MUTUAL CASUALTY COMPANY OF ILLINOIS, Respondent, *v.* PRESTON E. TRASK, Appellant.*

Third Department, June 30, 1933.

*Coville & Santry* [*William F. Santry* of counsel], for the appellant.

*Oscar J. Brown*, for the respondent.

RHODES, J. Agnes May Pilbeam was the owner of a Buick coupe. The respondent issued to her as named assured its policy of automobile liability insurance covering the said automobile, said policy being dated January 31, 1931. The defendant was operating an automobile sales agency and, as an accommodation, Miss Pilbeam loaned him said automobile to demonstrate to one of his customers. On February 11, 1931, while the defendant was thus operating the car, a collision occurred, resulting in damage to Albert J. Fowler and Jennie E. Fowler, his wife. Separate actions were brought by Mr. and Mrs. Fowler against the defendant and Miss Pilbeam, resulting in judgments against both defendants. Notice was served upon the defendant in behalf of Miss Pilbeam requiring him to defend said actions and save her harmless from any damage therefrom. The defendant herein paid one-half of

* Affg. 145 Misc. 727.

the amount of said judgments and refused to pay the balance, whereupon the plaintiff, insurer under said policy, paid to Mr. and Mrs. Fowler the balance remaining unpaid under said judgments. The policy of insurance contained a clause providing for the subrogation of the said company in place of the assured as to any payments made under the policy. The plaintiff herein now seeks by right of subrogation to recover from the defendant the amount paid by plaintiff by reason of such judgments.

The defendant interposed an answer containing a defense to the effect that by the terms of said policy the relation of insured and insurer was created between the plaintiff and defendant herein and that said defendant was entitled to the benefits of said policy to the same extent as said Agnes May Pilbeam, while operating said automobile with her consent, and that being an assured under said policy, the defendant owed no obligation of reimbursement to the plaintiff as insurer.

The real question thus presented is whether the defendant is an assured under the policy, and entitled to the benefits thereof to the same extent as said Agnes May Pilbeam.

The policy contained a provision entitled " Extended Coverage," such provision in part providing that " the terms and conditions of this policy are so extended as to be available in the same manner and under the same conditions as they are available to the *Named Assured*, to any person or persons while riding in or legally operating any of the automobiles described in the special conditions and *to any person*, firm or corporation legally responsible for the operation thereof, provided such use or operation is with the permission of the named assured."

The policy defines the term " Named Assured " as *the individual*, partnership, corporation, trustee or estate *named* in the *special conditions* of this policy. The said special conditions set forth the name of the assured as " Agnes May Pilbeam," her address, occupation, kind of car, amount and kind of insurance and amount of premium.

A rider was attached to and made part of the policy entitled " New York Financial Responsibility Endorsement, Owner's Coverage Endorsement Providing coverage under New York State Financial Responsibility Act." The rider then recites: " This endorsement is to provide solely for the amending of the insurance coverage specified in the Policy to which it is attached, to conform with the requirements of Article 6-A of the Vehicle and Traffic Law, as to the kind of coverage so specified. The purpose of the endorsement is to enable the Company to file an appropriate certificate with the Commissioner of Motor Vehicles on behalf of the Assured, under the conditions of Article 6-A of the Vehicle

and Traffic Law entitled 'Financial Responsibility for Operation of Motor Vehicles.'

"The public liability and/or property damage coverage in the Policy to which this endorsement is attached is amended *to insure the Named Assured and any other person* using or responsible for the use of any motor vehicle described in the attached Policy, with the consent, expressed or implied, of such Assured, *against loss* from the liability imposed upon such Assured by law, or upon such other person, for injury to or death of any person   *   *   *."

There is no proof in the record that the license of Miss Pilbeam had ever been suspended so as to require her to file proof of financial responsibility by said article 6-A of the Vehicle and Traffic Law.

In *Cohen* v. *Metropolitan Casualty Ins. Co. of N. Y.* (233 App. Div. 340) it was held that the provisions of said article 6-A apply only to cases requiring policies to be carried by persons financially irresponsible; that where a policy issued was not "required," the said provisions of the policy conforming thereto were not applicable. Such seems to be the plain meaning and intent of the article in question. But if it be assumed that the rider and said article 6-A have application here, still the policy should not receive the construction contended for by the defendant. Section 94-c provides that proof of financial ability be evidenced by written certificate of an insurance company " that it has issued *to or for the benefit of the person named therein* a motor vehicle liability policy or policies as defined in this article." Section 94-i, now section 94-k, defines a motor vehicle liability policy as " a policy of liability insurance issued   *   *   *   to the *person therein named* as insured," and provides that such policy " shall insure the *insured named therein and any other person* using or responsible for the use of any such motor vehicle with the consent, expressed or implied, of such insured, against loss from the liabilty imposed upon such insured by law or upon *such other person* for injury to or death of any person   *   *   *,   or which policy shall, in the alternative, insure the *person therein named* as insured against loss from the liability imposed by law upon such insured for injury to or death of any person   *   *   *   or damage to property, except property of others in charge of the insured or the insured's employees, growing out of the maintenance, operation or use by such insured of any motor vehicle except a motor vehicle registered in the name of such insured and occurring while such insured is personally in control, as driver or occupant, of such motor vehicle." Said section further provides that liability under such a policy shall become absolute whenever loss or damage covered by the policy occurs.

The policy was issued to Miss Pilbeam to cover her liability as owner of the car and the contract was between her and the

insurer. There was no contractual relation or privity of interest between the insurer and the defendant. As suggested in the opinion of the learned referee below, the construction contended for by the defendant would make him, equally with Miss Pilbeam, the beneficiary of a contract to which he was an entire stranger and in which no benefit to him was contemplated by any one and as to which no consideration moved from him or for him to any one, and it would absolve him from all liability to every one including Miss Pilbeam, the owner of the car. Under such a construction, if she had paid the judgment she would have no recourse over against the defendant, although the defendant being primarily liable and the actual tort feasor is at common law liable over to her. (*Oceanic Steam Navigation Co.* v. *Compania Transatlantica Espanola,* 134 N. Y. 461.)

If we were construing the policy from the standpoint of Miss Pilbeam, the assured, one of the parties to the contract, then, as against the insurer, the policy would be strictly construed as to its meaning and intent. (*Kratzenstein* v. *Western Assurance Co.,* 116 N. Y. 59; *Allen* v. *St. Louis Ins. Co.,* 85 id. 473; *Herrman* v. *Merchants' Ins. Co.,* 81 id. 184; *Janneck* v. *Metropolitan Life Ins. Co.,* 162 id. 576.)

The rule of strict construction against the insurance company is not, however, applicable in favor of the defendant. The plaintiff is here seeking to enforce its rights as against a stranger to the contract in question.

The appellant insists that if the object of the rider was solely for the benefit of Miss Pilbeam, and not for defendant, there was no occasion for its use, because the policy, without the rider, made the insurer liable. But, as pointed out in *Cohen* v. *Metropo̅itan Casualty Ins. Co. of N. Y.* (*supra*), the law does not require such insurance except in case of a " required " policy after a license has been suspended. In one case the insurance and the extent of coverage is optional; in the other mandatory and absolute.

Miss Pilbeam, by virtue of section 59 of the Vehicle and Traffic Law, became liable for the negligence of the defendant and the defendant was liable over to her for the damages caused to her through his misconduct. The plaintiff here has succeeded to her rights and is entitled to recover damages caused to it by reason of defendant's negligent act. The defendant may not evade liability by invoking the terms of a contract to which he is not a party and to which he is a stranger in interest.

The judgment should be affirmed, with costs.

HILL, P. J., CRAPSER, BLISS and HEFFERNAN, JJ., concur.

Judgment affirmed, with costs.