KNOX–TENN RENTAL COMPANY
and Robert Lowe, Plaintiffs,

v.

The HOME INSURANCE COMPANY,
Defendant.

No. Civ. 3–91–284.

United States District Court,
E.D. Tennessee,
at Knoxville.

May 8, 1992.

Philip P. Durand and Ronald L. Grimm, Knoxville, TN, for Knox–Tenn Rental Co.

Archie R. Carpenter, Knoxville, TN, for Robert C. Lowe.

Tom Corts, Ortale, Kelley, Herbert & Crawford, Nashville, TN, for Home Ins. Co.

## MEMORANDUM OPINION

MURRIAN, United States Magistrate Judge.

This is an action seeking a declaration that the defendant, The Home Insurance Company (Home Insurance), is estopped to deny coverage for a $1,058,351.86 judgment which plaintiff Knox–Tenn Rental Company (KTR) obtained against plaintiff Robert Lowe and two others in the Chancery Court for Knox County, Tennessee. Mr. Lowe was an additional insured under the terms and conditions of a professional liability insurance policy issued to Mr. Lowe's employer, Jenkins Insurance, Inc. Plaintiffs move for summary judgment pursuant to Rule 56(c), Fed.R.Civ. P., insisting that there are no genuine issues of material fact and that plaintiffs are entitled to judgment as a matter of law [Doc. 7]. The motion is based upon plaintiffs' contention that Home Insurance cannot deny liability under its indemnity policy after it took charge of and conducted the defense of claims asserted against its insured, Robert Lowe, without first having reserved its rights.

Home Insurance filed a cross-motion for summary judgment insisting that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law [Doc. 8]. Home Insurance insists that it is not estopped to deny coverage; that the insurance policy does not cover fraudulent acts; that Mr. Lowe has repeatedly admitted to engaging in fraudulent acts while working for Jenkins Insurance, Inc.; that, even though Home Insurance did not send Mr. Lowe a personal reservation of rights letter, he was not prejudiced; that Mr. Lowe is not entitled to relief since he litigates with "unclean hands"; and, finally, that neither plaintiff is entitled to recover.

In its brief in support of its motion, Home Insurance states:

> The issue involved in both the instant case and the underlying suit is, of course, whether Mr. Lowe engaged in fraud. Regarding this issue both Mr. Lowe and Home [Insurance] were in privity with one another due to their mutual interest in proving Mr. Lowe not guilty of fraud. Therefore Mr. Lowe and Home Insurance Company shared an "identity of interest" sufficient to preclude Mr. Lowe from relitigating the issue of his fraudulent conduct.

[Doc. 8A at p. 5].

I do not agree with this reasoning at all. The issue in the instant suit is whether Home Insurance is estopped to rely on the fraud exclusion in the insurance contract because, despite its knowledge of a potential coverage problem, it failed to give Mr. Lowe, its insured, adequate and timely notice that it was reserving its right to rely on the fraud exclusion and nonetheless took charge of and conducted the defense of the claims against him. Home Insurance and Mr. Lowe had no "mutual interest" in proving Mr. Lowe was not guilty of fraud. There was no coverage if he was and Home Insurance could avoid a potential liability of $2,000,000 if Mr. Lowe was found guilty of fraud. This "identity of interest" argument is totally without merit. If there was an identity of interest, why did Home Insurance hire a Chattanooga law firm to "monitor" the coverage question? It is a familiar maxim of equity that "equity must follow the law." Therefore, notwithstanding the fact that Mr. Lowe was adjudged guilty of fraud in the state court proceedings, he was covered under the policy of insurance if Home Insurance waived the policy provision excluding fraudulent acts from coverage by not reserving its right to rely on it and proceeding provide and take charge of the defense of the claims against Mr. Lowe.

## I. *Factual Background*

On August 8, 1983, Home Insurance issued to Jenkins Insurance, Inc., a professional liability insurance policy. Under the terms of the policy, Jenkins Insurance, Inc., was the named insured and Mr. Lowe was an additional insured by virtue of his status as treasurer of Jenkins Insurance, Inc. On May 16, 1984, during the term of the policy, KTR filed suit in the Chancery Court for Knox County, Tennessee, naming Jenkins Insurance, Inc., Mr. Lowe, Home Insurance and others as defendants.

### A. *Reservation of Rights*

On or about June 5, 1984, Home Insurance mailed a "reservation of rights" letter to Jenkins Insurance, Inc. Exhibit 1 to plaintiffs' motion. No such letter was sent to Lowe personally although he was treasurer of Jenkins Insurance, Inc., at that time and the salutation of the letter read "Gentlemen." The letter recited that "some of the allegations" in KTR's Chancery Court complaint "would not be covered" under the policy of insurance. The letter also stated the following:

> This letter is written to notify you that our Company is reserving all its rights and defenses; not only such rights and defenses as may now exist; but in addition, all rights and defenses our Company may hereafter have under all the terms, conditions, provisions, and exclusions of policy number ABL 1509483, irrespective of whether or not they have been specifically referred to in this letter. It is to be further understood that any action heretofore taken by our Company, its agents, representative, or attorneys in investigating the occurrence involved, and defending any lawsuit filed in connection with this matter, or in participating in any settlement discussions or negotiations, does not constitute and is not intended as a waiver of any rights or defenses available to our Company, and shall not estop our Company from asserting, at a later date, any rights or policy defenses that may be available now or at that time. All rights and defenses are hereby expressly reserved.

There is no evidence in the record that Mr. Lowe had any actual knowledge of this letter until sometime after the judgment was entered against him in 1989. Mr. Lowe testified in his discovery deposition taken February 20, 1992, that he did not become aware of this letter until after the trial in 1989. Exhibit 3 to plaintiffs' motion, p. 25.

The Chancery Court complaint alleged that Jenkins Insurance, Inc., had substantially overcharged KTR for insurance premiums in the amount of $705,000 over a seven-year period of time (1977–1984). The claim was made that Lowe, Ronald Jenkins (president of Jenkins Insurance, Inc.), and Sandra Jenkins (vice-president) were guilty of negligence, gross negligence, intentional wrongdoing, misrepresentation and fraud in carrying on the business of Jenkins Insurance, Inc., with respect to these overcharges. Exhibit 2 to the Complaint.

The professional liability insurance policy in question provided up to $2,000,000 in coverage for, *inter alia,* negligent acts, errors, or omissions of the insureds in connection with operating Jenkins Insurance, Inc. Exhibit 1 to the Complaint. Home Insurance agreed to defend "any claim or suit against the insured alleging such negligent act, error or omission and seeking damages which are payable under the terms of this policy...." *Id.* One of the policy exclusions provided: "This policy does not apply: (a) to any claim arising out of any dishonest, criminal, fraudulent or malicious act, error or omission of any insured...."

Thus, Home Insurance clearly had the duty to defend Mr. Lowe since there was a claim that he had been negligent but, just as clearly, the policy provided him no coverage if his acts about which KTR was complaining amounted to fraud, dishonest or criminal conduct.

Home Insurance hired a Knoxville law firm, Hodges, Doughty & Carson, to represent Mr. Lowe, Ronald Jenkins and Jenkins Insurance, Inc. On June 15, 1989, the Chancery Court for Knox County, Tennessee, entered judgment in the amount of $1,058,-351.86 against Jenkins Insurance, Inc., Mr. Jenkins, and Mr. Lowe. The appeal of that judgment was not successful and the judgment was affirmed.

On or about July 10, 1989, Home Insurance sent Mr. Lowe the following letter:

July 10, 1989

CERTIFIED RETURN RECEIPT REQUESTED

Mr. Robert C. Lowe
Rt. 2, Box 45
Louisville, Tennessee 37777

RE: Claim No.: 301–L–627878
    Insured: Jenkins Insurance
    Plaintiff: Knox–Tennessee Rental
    Policy No.: ABL 1 50 94 83

Dear Mr. Lowe:

This company will not be paying the judgment rendered in this case.

The policy of insurance clearly excludes any coverage for any dishonest, fraudulent and criminal acts for which the judgment was based.

Attorney Smith will continue to provide any appropriate defense of the matter.

Very truly yours,

/s/ Everett Taylor
Everett Taylor
Litigation Supervisor

Exhibit 4 to the Complaint.

■■ Under the undisputed facts of this case, the reservation of rights letter sent to Jenkins Insurance, Inc., on or about June 5, 1984, did not reserve any rights and defenses which Home Insurance may have had under the policy as to Mr. Lowe.

> For at least the better part of a hundred years the rule has been recognized that an insurance company will not be permitted to deny liability under its indemnity policy, after it has taken charge of and conducted the defense of the claims asserted against its insured, without having reserved its rights by some form of agreement, stipulation or notice.

*American Home Assurance v. Ozburn–Hessey*, 817 S.W.2d 672, 674 (Tenn.1991), *rehearing denied.* The insurer must reserve its right to later deny liability under the policy of insurance by giving notice to the insured that it is not waiving the benefit of a defense by investigating the claim and defending the action. *Hardware Mutual Casualty Co. v. Higgason*, 175 Tenn. 357, 373, 134 S.W.2d 169 (1939).

> [T]he reservation of rights or non-waiver notice given by the insurance company "will be held sufficient only if it fairly informs the insured of the insurer's position." Also, it is the law of Tennessee, as elsewhere, that documents prepared by the insurance company, which is in a better position than the insured to understand

these matters, will be strictly construed against the company.

*Transamerica Insurance Group v. Beem*, 652 F.2d 663, 666 (6th Cir.1981) (footnotes omitted). "Definite Notice" must be conveyed *to the insured* that the insurer is not waiving its right to deny liability under the policy. *Hardware Mutual Casualty Co. v. Higgason*, 175 Tenn. at 378, 134 S.W.2d at 176–177 (emphasis added). The insurer's conclusion regarding the existence or non-existence of certain coverage must be "clearly and fairly communicated to the insured...." *Richards Mfg. v. Great American Ins. Co.*, 773 S.W.2d 916, 919 (Tenn.App. 1988). The decisions clearly contemplate *actual notice* being given to the insured as opposed to some type of constructive or imputed notice. "[A] reservation of rights ... to be effective, must be communicated to the insured. Such notice of a reservation of the insurer's rights must fairly inform the insured of the insurer's position...." 44 Am. Jur.2d *Insurance* § 1426, pp. 373–374 (1982) (footnotes omitted); *see also* Annot, 38 ALR 2d 1148, 1167, §§ 7a and 7b (1954).

Home Insurance contends that there is a factual dispute regarding whether or not Mr. Lowe actually believed that there would be coverage in this matter. David Smith, Lowe's attorney who had been hired by Home Insurance to defend Lowe, Ronald Jenkins, and Jenkins Insurance, Inc. in the suit brought by KTR, testified that he overheard some unidentified person state in Lowe's presence just before trial began something regarding "the nonapplicability of the policy to the loss in question." Mr. Smith also testified that Mr. Lowe was asked if he would like to contribute to a settlement but Lowe said he could not because "he didn't have it." Deposition of David Smith, pp. 25–29. Mr. Smith also testified that before the second trial of the case in Chancery Court, Mr. Lowe asked him questions which indicated that he was concerned about personal liability. Deposition of David Smith, pp. 48–49.

This evidence does not create a genuine issue of material fact. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly

preclude entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Mr. Smith was, at all times, Mr. Lowe's, Mr. Jenkins' and Jenkins Insurance, Inc.'s attorney. He was hired by Home Insurance but it was not his client. It was incumbent on Home Insurance to clearly and fairly advise Mr. Lowe of its position regarding its intention to reserve the right to contest coverage. It was not Mr. Smith's duty to do so nor could that duty be satisfied by some statement made in Mr. Lowe's presence by some unidentified person. There is simply no evidence in this record that Home Insurance fairly informed Mr. Lowe of its position regarding a reservation of rights until about a month after judgment was entered against Mr. Lowe. Even if it is assumed that Mr. Lowe had doubts about the coverage, this would not relieve Home Insurance from an estoppel. *Pendleton v. Pan American Fire & Casualty Co.*, 317 F.2d 96, 101 (10th Cir.1963).

The reservation of rights letter which Home Insurance sent to Jenkins Insurance, Inc., on or about June 5, 1984, did not give notice to Robert Lowe that Home Insurance was reserving its right to contest coverage of him under the policy. The letter was addressed to Jenkins Insurance, Inc., and, at most, reserved Home Insurance's right to contest coverage as to it. Therefore, Home Insurance did not reserve its right to deny coverage as to Mr. Lowe. *Richards Manufacturing Co. v. Great American Insurance Co.*, 773 S.W.2d at 919. Notice of reservation of rights simply was not clearly and fairly communicated to Mr. Lowe and it was therefore ineffectual as to him as a matter of law.

### B. *Prejudice to the Insured*

■ The law is crystal clear in Tennessee that Mr. Lowe was presumptively prejudiced by defendant's failure to adequately reserve its rights as to him. *American Home Assurance v. Ozburn–Hessey*, 817 S.W.2d at 674–675. Such prejudice is presumed where the insurer has not properly reserved its rights as to the insured by some form of agreement, stipulation or notice but nonetheless takes charge of and conducts the defense of the claims asserted against its insured. *Id.*

The next question which must be addressed is what is the effect of such a presumption of prejudice in this case.

I am of the opinion that prejudice must be conclusively presumed where the insurer takes charge of the insured's defense, the insured is cast in judgment and the insured never receives adequate notice from the insurer that it is reserving defenses on the policy until after judgment is entered.

In *Maryland Casualty Co. v. Gordon*, 52 Tenn.App. 1, 371 S.W.2d 460 (1963), the tortfeasors' insurer attempted to avoid coverage under the policy by raising certain policy defenses after judgment was entered against the tortfeasors. The policy was purchased by Paul Southerland. His stepson, Homer K. Lovin, was an additional insured under the policy provisions. Lovin owned the insured vehicle and was adjudged guilty of negligence by a jury in connection with an accident resulting from his operation of that vehicle. Judgment entered against him. The three original plaintiffs, Lovin, and Southerland all sued Maryland Casualty Company when it refused to pay under the policy. After finding that the defenses under the policy which the insurer was attempting to raise would not defeat recovery, the court based its holding on another ground—estoppel.

> There is a further reason why the Maryland Casualty Company should be held liable under its policy in the instant case. It accepted notice of the accident of October 8, 1961, in which Lowell Gordon, Kathleen Gordon, and James Stuffel, Jr., were injured, investigated it, and defended the lawsuits brought as a result of same, without any reservation of rights against either the named insured, Paul Southerland, or Homer K. Lovin who was also insured under the omnibus clause of the policy. We think the insurance company under these circumstances should be estopped to deny coverage *after the insured have been cast in the suit so defended.*

371 S.W.2d at 462 (emphasis added).

The instant case is distinguishable from a case where the insurer disclaims coverage

and adequately reserves its rights or withdraws from the defense prior to final judgment or settlement. *See Boulet v. Millers Mutual Insurance Association of Illinois,* 362 F.2d 619, 622–623 (8th Cir.1966) (Minnesota law); 44 Am Jur.2d *Insurance* §§ 1422, 1425 (1982). In the words of the court in *Maryland Casualty Co. v. Gordon,* once the insured is "cast in the suit so defended," the insurer is estopped to deny coverage. To be "cast" in a suit is to be defeated in that suit. *Black's Law Dictionary,* p. 273 (4th ed. 1968).

Mr. Lowe was "cast in the suit so defended" on June 15, 1989, when judgment entered against him for $1,058,351.86. Almost a month later, Home Insurance advised him for the first time that it intended to deny him coverage on the ground that he had engaged in dishonest, fraudulent and criminal acts. Not until that time did Home Insurance clearly and fairly tell him why it was attempting to deny coverage. *See Richards Manufacturing v. Great American Ins. Co.,* 773 S.W.2d at 919. Although judgment was not final as of July 10, 1989, Home Insurance continued to provide Mr. Lowe's defense until judgment was final on September 24, 1990, when the Tennessee Supreme Court denied permission to appeal.

■ An insurer's failure to raise a policy defense until after there has been a judgment against its insured will result in the insurer being estopped to raise that defense. "If there is any state that countenances such an *ex post facto* creation of a right reserved, so be it, but we hold that Tennessee does not allow it." *Richards Manufacturing Co. v. Great American Ins. Co.,* 773 S.W.2d at 919. In the instant case, as in *Richards,* the insurer failed to advise the insured that it might rely on a policy defense until after the insured was cast in judgment. *Richards* compels a conclusion that the reservation of rights letter dated July 10, 1989, came too late to relieve Home Insurance from being estopped to deny coverage under the policy.

In *American Home Assurance v. Ozburn–Hessey, supra,* the Court did not make it clear whether the presumption of prejudice created by an insurer's unconditional defense of an action brought against its insured is a rebuttable or a conclusive presumption. 817 S.W.2d at 675. The Court announced the

rule and went on to say: "[m]oreover, there was actual prejudice demonstrated in this case." *Id.* It is not clear to me whether the Court meant that the presumption was conclusive and the finding of actual prejudice was an alternative ground for the holding or the court meant that the presumption was rebuttable but had not been rebutted under the facts of the case.

■ At any rate, where the insurer takes charge of the defense and conducts it without reserving its rights to rely on a policy exclusion and the case goes to judgment or is settled, the insurer is estopped to create a reservation of rights thereafter. This is consistent with the holding of *Richards Mfg. v. Great American Insurance Company, supra,* and the law of several other jurisdictions. *See, e.g., Boulet v. Millers Mutual Insurance Association of Illinois,* 362 F.2d at 622 (Minnesota law); *Kearns Coal Corp. v. United States Fidelity & Guaranty Co.,* 118 F.2d 33, 36 (2d Cir.), *cert. denied,* 313 U.S. 579, 61 S.Ct. 1099, 85 L.Ed. 1536 (1941) (many authorities hold that prejudice is presumed or that assumption of control is a waiver or an election where the insurer retains control of the insured's defense to final judgment or to settlement). This rule is desirable because it protects the insured against "the difficulty or impossibility of showing prejudice from a merely listless defense...." 118 F.2d at 36.

I do not mean to imply that Mr. Lowe received a listless defense in the state court action. However, the defense he received was one geared to exonerating Mr. Lowe, Mr. Jenkins, and Jenkins Insurance, Inc., based on the contention that the owner of KTR was involved in the fraudulent scheme, that the employee to whom the money was funneled at KTR had apparent authority to accept it, and that some sort of release had been obtained. Deposition of David Smith, p. 89, Exhibit 5 to Doc. 8. These defenses were common to defendants Lowe, Jenkins, and Jenkins Insurance, Inc. Yet, Home Insurance was told by Mr. Lowe's lawyer during the course of the state court litigation, and as early as 1984, that Mr. Lowe's situation was different from that of Ronald Jenkins and Jenkins Insurance, Inc., because Lowe's participation in the scheme amounted to doing that which he was told to do as an employee of Jenkins Insurance, Inc. There

is no dispute that Lowe did not receive any of the proceeds of the fraudulent scheme. *See* affidavit of John D. Lockridge and attachments thereto [Doc. 12].

Since Mr. Lowe was not notified that Home Insurance was reserving its right to contest his coverage under the policy of insurance before judgment entered, he had no reason to be concerned about separating himself from co-defendants Ronald Jenkins and Jenkins Insurance, Inc., insofar as defending the action was concerned. He lost this opportunity and with it the opportunity to hire his own attorney or perhaps demand that Home Insurance provide him with separate counsel. He also lost the opportunity to seek a separate settlement with KTR based on the contention that he was less culpable than other defendants, and he lost the opportunity to separate himself at trial from the case against the other defendants. Now that Mr. Lowe has been cast in judgment and is liable for over a million dollars, plus interest, it would be impossible to reconstruct the probable result had a separate settlement and trial strategy been pursued on his behalf. *See Kearns Coal Corp. v. United States Fidelity & Guaranty Co.*, 118 F.2d at 36. Once that judgment entered without defendant having properly reserved its rights, the prejudice was actual and could not be undone.

This case is controlled by the long established rule that a liability insurance carrier, which assumes and conducts the defense of an action brought against its insured with knowledge of a ground of forfeiture or noncoverage under the policy, and without disclaiming liability or giving notice of a reservation of its right to deny coverage, is thereafter precluded in an action upon the policy from setting up the ground of forfeiture or noncoverage as a defense. In other words, the insurer's unconditional defense of an action brought against its insured constitutes a waiver of the terms of the policy and an estoppel of the insurer to assert the defense of noncoverage.... Judge Breitenstein, speaking for this Court, in *Harbin v. Assurance Company of America*, 308 F.2d 748, 749, recognized the difficult position as insurer sometimes finds itself in, in undertaking the defense of an action brought against its insured, and said:

"In such circumstances the control of the defense by the insurer carries with it the potential of prejudice to the insureds and the assumption of such control without a reservation of right to deny liability would have obligated the insurer to pay within the policy limits if the plaintiff should succeed."

Indeed, by the weight of authority, it is not necessary for the insured to show prejudice in such a situation because he is presumed to have been prejudiced by virtue of the insurer's assumption of the defense....

*Pendleton v. Pan American Fire & Casualty Co.*, 317 F.2d at 99 (several citations omitted).

## II. *Summary Judgment*

■ Where a party defending a motion for summary judgment, after appropriate opportunity for discovery, has no evidence to support an essential element of its case upon which it will bear the burden of proof at trial, summary judgment should enter. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir.1989). Home Insurance failed to reserve its right to deny coverage and prejudice to Mr. Lowe is therefore presumed. *American Home Assurance v. Ozburn–Hessey*, 817 S.W.2d at 675. Home insurance would at least bear the burden of going forward with evidence at trial that Mr. Lowe was not prejudiced. As indicated above, as a matter of law, Home Insurance is precluded from attempting to rebut that presumption since Mr. Lowe was cast in judgment before Home Insurance gave him notice which fairly informed him of Home Insurance's position regarding the policy exclusion for fraudulent acts. Thus, this essential element of defendant's case fails as a matter of law and summary judgment will be granted for the plaintiffs.

For the reasons indicated, the plaintiffs' motion for summary judgment will be granted and the defendant's motion for same will be denied. Plaintiffs are entitled to judgment against Home Insurance in the amount of $1,058,351.86, plus prejudgment interest from and after June 15, 1989.

Order accordingly.

672

## ORDER

For the reasons stated in a Memorandum Opinion this day passed to the Clerk, it is ORDERED that plaintiffs' motion for summary judgment be GRANTED and that defendant's motion for same be DENIED. Judgment shall enter in favor of the plaintiffs declaring that The Home Insurance Company is estopped to deny coverage for the $1,058,351.86 judgment entered against plaintiff Robert Lowe in the Chancery Court for Knox County, Tennessee, and that the Home Insurance Company is liable to Knox–Tenn Rental Company for pre-judgment interest on that amount from and after June 15, 1989.